IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| TONI KILPATRICK, individually and as next friend and guardian of I.K.B., a minor child, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 2:07cv927 MHT |
| WALGREEN CO., ) ) | (WO) |
| Defendant. ) | |

OPINION

This cause came before the court for hearing on July 23, 2008, for the purpose of consideration of the settlement of the claims by the minor IBK, who sues by and through her mother and next friend, plaintiff Toni Kilpatrick, against defendant Walgreen Co., a corporation.  Present for the hearing, which was conducted by telephone, were Kilpatrick, in her individual capacity and in her capacity as parent, next friend, and guardian of I.K.B.; Kilpatrick's attorney Malcolm McSwean; and defendant Walgreen's attorney John W. Clark, Jr.

The court has been informed that Kilpatrick and Walgreen have gone through mediation and reached a settlement of all of the claims of I.K.B. against Walgreen.  The court has conducted a thorough hearing to familiarize itself with I.K.B. and the facts and circumstances of her claim, as well as the potential defenses available to Walgreen.  Kilpatrick, in her capacity as I.K.B.'s next friend and guardian, testified concerning injuries received by I.K.B., the medical treatment, and her understanding and approval of the proposed settlement.

The court finds that there are factual questions and conflicts concerning the potential liability of Walgreen and specifically with reference to the nature and extent of the injuries alleged by I.K.B.  These disputes create substantial and real issues as to whether I.K.B. has sustained an injury of any type and, if so, the nature and extent of that injury.

Kilpatrick is the mother and next friend of I.K.B., a minor who was born on June 28, 2005. At the time of her birth or shortly thereafter, I.K.B. was diagnosed with a condition known as GERD and was also diagnosed with what is known as failure to thrive. The medication known as Zantac was prescribed for I.K.B., but it proved not to be effective. I.K.B.'s treating physician prescribed Prilosec and that prescription was presented to the Walgreen store located at 703 South Memorial Drive in Prattville, Autauga County, Alabama. That prescription was partially filled on September 2, 2005, and the remainder of the prescription was filled on September 24, 2005; it was a non-refillable prescription. When Kilpatrick went to refill the prescription she was advised that an error had been made and that, rather than filling the prescription with Prilosec, it was filled with Fluxotine, which is a generic substitute for Prozac. I.K.B. had been on this Prozac for approximately six weeks at the time the error was discovered. I.K.B. was

treated at the Jackson Hospital in Montgomery and later treated at The Children's Hospital in Birmingham.  A series of diagnostic tests have been performed, including MRIs, EEGs, EKGs, CT scans, metabolic profiles, and upper GI series.  All of the tests have proven negative for any condition, that is, tests results were considered normal.

In preparation for trial, depositions were taken from Dr. Sesi Ogumbi, Dr. David Drennen, and Dr. Lane Rutledge.  All of these physicians generally testified that they saw no evidence that the minor would have any permanent problems of any type and that at most I.K.B.'s development was delayed by not receiving the Prilosec supplement for the approximate six-week-time period. Walgreen obtained the services of Dr. Erica Liebelt, a pediatric toxicologist working through The Children's Hospital in Birmingham and one of the leading experts in the state on toxicological problems facing minor children.  Dr. Liebelt has testified that there are no studies indicating any long-term problems on neonates

4

(such as I.K.B.) in taking Prozac or its generic substitutes.

I.K.B. is now three years of age. She appears to be a normal and well child and there is no indication that she is having any residual or permanent problems as a result of taking Prozac.

Medical expenses were incurred at Jackson Hospital, The Children's Hospital, and from the providers of medical services. These expenses were paid for either through Medicaid or through the health insurance available to I.K.B. through her father. The parties represent to the court that they have not been advised by any of the providers of medical services that they are claiming a lien of any type on the proceeds, but as part of the settlement herein Kilpatrick has agreed that she will be responsible for any medical expenses not previously paid and that she will be responsible for satisfying any lien presented by any provider of medical

5

services and will fully indemnify and hold harmless Walgreen.

The parties propose to settle this case for a total figure of $ 43,000.00 with the settlement to be paid as follows:

> $ 38,000.00 will be paid to Kilpatrick in her individual capacity, and, in return for that, she will be responsible for paying plaintiff's share of the court costs incurred herein and all the expenses of medical treatment not previously satisfied by Medicaid or Blue Cross. She additionally agrees that she will discharge, indemnify, and hold harmless Walgreen from any claim presented by any provider of medical services.
>
> $ 5,000.00 will be paid to Kilpatrick in her representative

capacity as parent, guardian, and next friend of I.K.B.  The court specifically finds that Kilpatrick, as mother of I.K.B., is a fit and proper person to maintain this action and that the proposed settlement herein can be paid directly to her in her representative capacity as parent, guardian, and next friend of I.K.B.  The settlement amount is to be used only for the maintenance, care, and education of I.K.B. and not to be used by Kilpatrick for any personal use.

The court therefore finds and determines that the proposed settlement is fair, reasonable, and just and is in the best interest of I.K.B. and should be approved.

An appropriate judgment will be entered.

DONE, this the 24th day of July, 2008.

                                     /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE