IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
TONI KILPATRICK,              )
individually and as next      )
friend and guardian of        )
I.K.B., a minor child,        )
                              )
    Plaintiff,                )
                              )
    vs.                       )     Civil Action No.
                              )     2:07cv927 MHT
WALGREEN CO.,                 )          (WO)
                              )
    Defendant.                )
```

JUDGMENT

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion for pro ami settlement (Doc. No. 27) is granted.

(2) The settlement proposed by the parties herein is approved and ratified.

(3) The claims of plaintiff Toni Kilpatrick, in her individual capacity, against the defendant Walgreen Co. are dismissed with prejudice.

(4) Defendant Walgreen Co. is to pay to plaintiff Kilpatrick, in her individual capacity, the sum of Thirty-Eight Thousand and no/100 Dollars ($ 38,000.00).

(5) Judgment is hereby entered in favor of plaintiff Kilpatrick in her representative capacity as parent, guardian, and next friend of I.K.B., a minor, in the amount of Five Thousand and no/100 Dollars ($ 5,000.00).

(6) The court specifically determines that it is not necessary for the appointment of a guardian ad litem in this action in that the attorney for plaintiff Kilpatrick, Malcolm McSwean, has agreed to serve not only as the attorney for plaintiff Kilpatrick but the guardian ad litem for I.K.B.

(7) The court costs of this action are taxed as paid, with the parties bearing their own costs and their own attorneys' fees.

(8) Defendant Walgreen Co. is directed to pay the settlement to plaintiff Kilpatrick, individually, and the judgment to plaintiff Kilpatrick, in her representative capacity, directly to plaintiff Kilpatrick, whom the court specifically finds to be a fit and proper person to receive the settlement proceeds.

(9) In the event any provider of medical services claims any lien or presents any subrogation claim, plaintiff Kilpatrick, in her individual capacity, agrees that she will satisfy any such claim and will indemnify and hold harmless defendant Walgreen Co. from any such claim.

(10) Upon payment of the judgment as described herein, defendant Walgreen Co. shall have discharged any obligation under the settlement and is forever released and discharged from any further or additional claim of any type to the minor I.K.B. arising out of the incident made the basis of this lawsuit and any and all claims which were or possibly could have been asserted in this

action by the minor I.K.B. against defendant Walgreen Co. The parties all recognize the uncertainty as to the minor I.K.B.'s future medical condition but, based on testimony of treating physicians, it is not expected or anticipated that the minor I.K.B. will have any problems in the future as a result of this incident.  The court specifically finds that the proposed settlement is fair, reasonable, and in the best interest of the minor I.K.B. and, accordingly, the settlement is authorized, ratified and approved.  Any claims that the minor I.K.B. may have in the future against defendant Walgreen Co. are merged into this judgment and forever barred.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 24th day of July, 2008.


                          /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE